UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LASHAR SMITH,

    Petitioner,

v.                                             Case No. 3:25-cv-504-MMH-PDB

SHERIFF OF BAKER COUNTY
SHERIFF'S OFFICE, et al.,

    Respondents.

## ORDER

Petitioner Lashar Smith, a detainee at the Baker County Detention Facility, initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Petition; Doc. 1).[1] In the Petition, Smith states that since March 18, 2025, the United States Immigration and Customs Enforcement (ICE) has detained her pending her removal. See id. at 4. She alleges that she is a confidential informant for the Drug Enforcement Administration, and she is assisting with an ongoing investigation. See id. at 6. According to Smith, she has been seeking asylum and review of her removal because her deportation will result in her prosecution or death. See id. Smith also complains that she is "being held without due process and [she] ha[s] been

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

[detained] almost two months without seeing a judge." Id. As relief, she requests immediate release from custody. See id. at 7.

To the extent Smith challenges the substance of her removal proceedings or requests direct review of any order of removal, the Court does not have jurisdiction to consider this challenge. The Immigration and Nationality Act provides that the filing of a petition for review in the court of appeals, is "the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Further, "no court shall have jurisdiction under § 2241 to review questions of law or fact 'arising from any action taken or proceeding brought to remove an alien from the United States.'" Linares v. Dep't of Homeland Sec., 529 F. App'x 983, 984 (11th Cir. 2013)[2] (per curiam) (quoting 8 U.S.C. § 1252(b)(9)). As such, the sole means for review of any claims regarding the substance of Smith's removal order is to file a petition for review with the Eleventh Circuit Court of Appeals.

Insofar as Smith requests release from custody while she awaits removal, that request is due to be denied as premature. In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Because ICE took Smith into custody on March 18, 2025, any claim seeking release under Zadvydas is not yet ripe, and is thus premature. When Smith's Zadvydas claim becomes ripe, she may file a new petition to seek discharge from custody while she awaits removal.

3

Accordingly, it is

**ORDERED**:

1.    The Petition (Doc. 1) is **DISMISSED without prejudice**.

2.    The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of May, 2025.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 5/6
c:    Lashar Smith, #A-201145349